Judge Underwood
delivered the opinion of the Court.
A justice of the peace rendered a judgment in favor of Palmer against Kennedy and Ooldsberry jointly. Kennedy alone prayed an ají *499 peal, .and entered into an appeal bond in the clerk’s office of the circuit court', the amount in controver§y being above five pounds. Palmer moved to dismiss the appeal because Goklsberry did not unite in it. The court overruled the-motion, and permitted' Kennedy to execute a new appeal, bond with a new Surety. The last bond differed from, the first in no essential particular, except this — it stated that Kennedy and.Goldsherry both appealed from the judgment of the justice; whereas the first bond stated that Kennedy alone appealed.
From a joint judgment, by “several defendants, either of'the-defend ants am] power t» • take up the the" circuit°court. And thereby necessarily8 brought into the circuit t^to^he^" causo,
The.only question raised upon the foregoing facts is, did the circuit court err in refusing to dismiss, the appeal?
We are of opinion that there is no error in the record to the prejudice of Palmer. The act of 1812", raising the jurisdiction of justices of the peace, allows an appeal to the circuit court, where the judgment of the justice exceeds five pounds, and provides that “no appeal shall be dismissed for any irregularity in the proceedings had before the magistrate; but the same shall be tried on its merits as though no trial had been previously had thereon.” If there be two or more delendauts, and judgment is rendered against ali of them, can one or more-, who may elect to abide by an erroneous judgment of the justice, prevent- the other defendant from prosecuting an appeal, by refusing to unite in the appeal bond, or to join in tne prayer for the appeal? Certainly not. It this could, be done, a statutory provision, evidently designed to provide for a revision of tne errors of the justice of the peace, and to have the rights of the parties adjudged by a more competent tribunal, would be defeated by the fraud or perverseness.oí a co-defendant. To prevent this, any one of tue defendants must have the right to take up the case by appeal, and this necessarily carries-all the defendants into the circuit court as parties, for there the case is to be “tried on its merits, as though no trial had been previously had thereon.” Hence it is necessary that ali the parties should be brought up. The idea, that the judgment ol the j.ustice remains in full force against the defendant *500 who refuses to appeal, and that another judgment may he rendered in the circuit court against the defendant who appeals, (thus splitting upa single cause of action into a plurality of judgments) cannot be •tolerated for a moment.
Whenarauso is transferred, the circuit40 court,-the justice has no potver over it. '
If there be two or moro andlucTment isnnder'd jointly agumst them, may move for anci obtain a 110'nh a"'ll fniis co-defendants.
Turner, for plaintiff; Anderson and Caperion, for defendant.
The justice is required to transmit all the papers had before him on the trial, together with a certificate of the costs, to the clerk of the circuit court, when an appeal is prayed. This requirement shows that the legislature did not intend to regard the jndglr,ent °f the justice, after the case was properly removed to the circuit court, as possessing any validity whatever. When the cause is transferred to the circuit court, the justice has no further any power.
If there be two or more defendants, and judgment be rendered against them jointly, in the circuit courL one who considers himself aggrieved may move for a new trial and obtain it, against the will of his co-defendants. We see no reason why the game doctrine should not apply so as to allow the prosecution ol an appeal by one, especially from the judgment of a justice of the peace, whose juriscbcti°n in relation to sums above five pounds is merely initiatory, when the case is transferred, by appeal, to the circuit court.
The motion was properly overruled. Had no new bond been executed, it would have been properly overruled.
Judgment affirmed with costs.